## Clark v. Kurtz, Appellant.

*Vendor and vendee—Option—Fraud—Absence of trust relation.*

In an action of assumpsit it appeared that the plaintiff obtained from the defendant an option to purchase within ninety days a farm for $23,000.    Before the option had expired plaintiff effected a sale of the farm for $24,000, but represented to the defendant that he could not obtain a purchaser who would pay more than $23,000, and by this representation he induced the defendant to reduce the price to $22,000, and the price named in the written option was changed to this amount. With knowledge of the deception practiced on him, and after he had received a part of the purchase money from the plaintiff, the defendant carried out the arrangement that plaintiff had made with the purchaser to whom he had assigned the option, made the conveyance to the purchaser, and received from him $24,000.    *Held,* that as there was no trust or confidential relation between plaintiff and defendant, plaintiff was entitled to recover the difference between the price at which the defendant agreed to sell to the plaintiff, and the amount received by the defendant from the purchaser to whom the plaintiff had assigned the option.

Argued Feb. 5, 1908.    Appeal, No. 9, Jan. T., 1908, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1907, No. 65, on verdict for plaintiff in case of William B. Clark v.

Uriah Kurtz.  Before Fell, Brown, Mestrezat, Potter and Stewart, JJ.  Affirmed.

Assumpsit to recover for money had and received.  Before Trexler, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,590.  Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Preston K. Erdman* and *Thos. F. Diefenderfer*, with them *John G. Diefenderfer*, for appellant.

*Edward Harvey*, with him *A. N. Ulrich*, for appellee.

Per Curiam, March 2, 1908 :

The plaintiff obtained from the defendant an option to purchase within ninety days a farm for $23,000.  Before the option had expired, he effected a sale of the farm for $24,000, but represented to the defendant that he could not obtain a purchaser who would pay more than $23,000 and by this representation he induced the defendant to reduce the price to $22,000 and the price named in the written option was changed to this amount.  With knowledge of the deception practiced on him and after he had received a part of the purchase money from the plaintiff, the defendant carried out the arrangement the plaintiff had made with the purchaser to whom he had assigned the option, made the conveyance to the purchaser and received from him $24,000.  This action was to recover the difference between the price at which the defendant agreed to sell to the plaintiff and the amount received by the defendant from the purchaser to whom the plaintiff had assigned the option.  A verdict was directed for this difference less a deduction for deficiency in acreage, as to which there was no dispute.

It is only by regarding the relation between the defendant and the plaintiff as that of principal and agent that the former can obtain redress for the deception practiced.  This

relation did not exist. The parties were dealing at arm's length as vendor and vendee and there was no relation of trust or confidence established between them. The defendant was induced by means of an untrue representation to reduce the price at which he had agreed to sell the farm to the plaintiff or his assigns. With full knowledge that he had been deceived, he confirmed and ratified the contract and made the conveyance on the terms fixed by agreement between the plaintiff and the purchaser to whom the option had been assigned.

The judgment is affirmed.